Stacy Tolchin (CA SBN #217431)
*Email: Stacy@Tolchinimmigration.com*
Megan Brewer (CA SBN #268248)
*Email:Megan@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
234 E. Colorado Blvd. Suite 230
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Counsel for Petitioner

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Juan Andres Picon Osuna,<br><br>Petitioner,<br><br>v.<br><br>Markwayne MULLIN, Secretary, Department of Homeland Security; Todd LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; Todd BLANCHE, Attorney General of the United States; Andre QUINONES, Field Office Director, Los Angeles ICE Field Office; Fereti SEMAIA, Warden, Adelanto Detention Center.<br><br>Respondents. | No.<br><br>**Petition for Writ of Habeas Corpus**<br><br>Immigration Case |

## INTRODUCTION

1. Petitioner Juan Andres Picon Osuna files this petition for writ of habeas corpus seeking his immediate release from the custody of the Department of Homeland Security (DHS).

2. Petitioner is a native of Venezuela who entered the United States as a visitor in 2017 when he was 14 years old and applied for asylum as a dependent on his father's application. Their application has been pending since that time, and he has a valid work permit.

3. Petitioner had no expectation that he would be detained by immigration authorities while his asylum case was pending and his employment authorization was valid.

4. Petitioner was detained by immigration authorities on October 2, 2026 at the Los Angeles International Airport when he was on his way to Denver, Colorado for work as a sound technician for touring musicians. He has been held by immigration authorities at Adelanto, California ever since.

5. Petitioner was not provided notice of his arrest prior to detention.

6. No initial custody determination was made by immigration authorities.

7. Petitioner was placed into removal proceedings and charged with overstaying his nonimmigrant visa.

8. Petitioner is being held in violation of his right to due process and seeks immediate release from custody. *See Gansukh v. Warden, et al.,* No. ED CV 26-5447-AS, 2026 WL 2962655 (C.D. Cal. Oct. 1, 2026); *Yao v. Janec[k]a,* No. 5:26-CV-04735-DTB, 2026 WL 2666861, at *4 (C.D. Cal. Sept. 10, 2026); *L.I. v. Mullin,* No. 5:26-CV-03967-PD, 2026 WL 2456148, at *2 (C.D. Cal. July 28, 2026); *Hernandez v. Blanche,* No. CV 26-6195, 2026 WL 2569475, at *4 (E.D. Pa. Aug. 31, 2026).

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the present action based on the Suspension Clause of the United States Constitution; 28 U.S.C. § 2241 (habeas corpus); 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1346(b) (Federal Respondent).

10. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e)(1) because this is a civil action in which Respondents are employees or officers of the United States, acting in their official capacity; and a substantial part of the events or omissions giving rise to the claim occurred within the Central District of California, and there is no real property involved in this action.

11. Further, pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493- 500 (1973), venue lies in the United States District Court for the Eastern District of California, the judicial district in which Petitioner is currently detained.

**PARTIES**

12. Petitioner is a citizen of Venezuela who was detained by immigration authorities on October 2, 2026 and is being held at the immigration detention center in Adelanto, California.

13. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees ICE, which is responsible for Petitioner's detention. Respondent Mullin has ultimate custodial authority over Petitioner. He is sued in his official capacity.

14. Respondent Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Respondent Lyons has broad authority over the operation and enforcement of the immigration laws. Respondent Lyons is sued in his official capacity.

15.Respondent Todd Blanche is the Attorney General of the United States. He is responsible for the Department of Justice and is sued in hi official capacity.

16.Respondent Andre Quinones is the Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division. As such, he is the custodian of all persons held at the ICE facilities in the Los Angeles Field Office. He is Petitioner's immediate custodian and is responsible for his detention. He is sued in his official capacity.

17.Respondent Fereti Semaia is the Warden of the of the Adelanto ICE Processing Center, Adelanto, California, where Petitioner is detained. He has immediate physical custody of Petitioner and is sued in his official capacity.

## FACTUAL ALLEGATIONS

18.Petitioner was born in Venezuela in 2003. He entered the United States in 2017 as a visitor when he was 14 years old and has resided in the United States for nine years.

19.Petitioner's father applied for asylum from in 2017, and Petitioner is included in that application, which remains pending. Petitioner has also been issued Employment Authorization Documents, valid until 2030.

20.On October 2, 2026, Petitioner was traveling from Los Angeles, California to Denver, Colorado for his work as a sound technician supporting touring musicians. He was arrested at the Los Angeles International Airport by immigration authorities for overstaying his visa.

21.Given that Petitioner's asylum application was pending and that he had valid work authorization, he never had any expectation that he would be arrested by immigration authorities.

22.Petitioner is detained as the Adelanto detention center.

23. Petitioner did not believe that he would be detained given his pending asylum application and valid work permit.

## CAUSES OF ACTION

## COUNT ONE

## (VIOLATION OF DUE PROCESS)

24. Petitioner incorporates the allegations in the paragraphs above as though fully set forth here.

25. Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).

26. Petitioner had an expectation that he would not be detained given his pending asylum application and valid work permit.

27. Petitioner was not provided with pre-deprivation notice that immigration authorities intended to detain him.

28. The failure to provide Petitioner with any pre-deprivation hearing prior to detaining him was a violation of due process, entitling Petitioner to immediate release. *Gansukh v. Warden, et al.,* No. ED CV 26-5447-AS, 2026 WL 2962655 (C.D. Cal. Oct. 1, 2026); *Hakobyan v. Semaia, et al.,* No. EDCV 26-2496-AS, 2026 WL 2985380, at *2 (C.D. Cal. Oct. 5, 2026); *Carlo v. Warden, California City Det. Facility,* No. 1:26-CV-6708-TLN-JDP, 2026 WL 2690425, at *3 (E.D. Cal. Sept. 14, 2026); *Caceres Rivas v. Warden, California City Det. Facility,* No. 1:26-CV-6720-DC-JDP, 2026 WL 2676879, at *3 (E.D. Cal. Sept. 11, 2026*), report and recommendation adopted sub nom.,* No. 1:26-CV-06720-DC-JDP (HC), 2026 WL 2754496 (E.D. Cal. Sept. 17, 2026); *Garcia De Castillo v. Mullin,* No. 1:26-CV-

06564-DC-SCR, 2026 WL 2690348, at *3 (E.D. Cal. Sept. 14, 2026); *Cruz v. Lyons,* et al., No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025).

## COUNT TWO

## (FAILURE TO MAKE INITIAL CUSTODY DETERMINATION)

29. Petitioner incorporates the allegations in the paragraphs above as though fully set forth here.

30.Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).

31."When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.' " *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)).

32.Further, after the initial arrest, a determination must be made within 48 hours "of the arrest, except in the event of an emergency or other extraordinary circumstance in which case a determination will be made within an additional reasonable period of time, whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued." 8 C.F.R. § 287.3(d).

33. These regulations were meant to protect the fundamental rights of noncitizen detainees and the violation of the regulations violates due process. An agency's failure to follow its regulations that are meant to protect fundamental rights is a violation of due process. *Accardi v. Shaughnessy,* 347 U.S. 260, 267, 74 S.Ct. 499, 98 L.Ed. 681 (1954); *Sameena Inc. v. U.S. Air Force,* 147 F.3d 1148, 1153 (9th Cir. 1998).

34. The Form I-286 is the Notice of Custody Determination that is completed by DHS in compliance with the above regulations.

35. Upon information and belief, DHS failed to make the initial custody determination required by the regulations.

*36.* Immediate release is the proper relief when DHS has failed to make the initial custody determination required by the regulations. *Dos Reis v. McShane,* No. CV 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026); *Pastrana-Beltran v. Mullin,* No. 26-cv-2657, 2026 WL 1398609, at *2 (E.D.N.Y. May 19, 2026); *Curimilma Quille v. Blanche,* No. 26-cv-2818, 2026 WL 1453889, at *3-5 (E.D.N.Y. May 22, 2026); *Cajamarca-Janza v. Soto,* No. 26-CV-3066 (HG), 2026 WL 1506777, at *5 (E.D.N.Y. May 29, 2026).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Declare that Petitioner's detention is unlawful;

(3) Order that Petitioner be immediately released custody from without the imposition of any restraints on hiss liberty, such as reporting requirements, GPS, or electronic monitoring;

(4) Order Respondents not to re-detain Petitioner without first providing at least 7 days' notice and a pre-deprivation bond

hearing before a neutral adjudicator at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community, and the adjudicator must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard;

(5) Award reasonable costs and attorneys' fees; and

(6) Grant such further relief as the Court deems just and proper.

Dated: October 8, 2026 Respectfully submitted,

By: /s/ *Megan Brewer*
Megan Brewer (SBN 268248)
Megan@tolchinimmigration.com
Law Offices of Stacy Tolchin
234 E. Colorado Blvd. Suite 230
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com