UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5954-RAO Date: October 21, 2026
Title: Juan Andres Picon Osuna v. Markwayne Mullin et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Juan Andres Picon Osuna, represented by counsel, is a citizen of Venezuela currently in immigration custody within this District. He filed a habeas petition on October 8, 2026. Dkt. No. 1 ("Pet."). Respondents filed their Response on October 15, 2026. Dkt. No. 8. Petitioner filed his Traverse on October 19, 2026. Dkt. No. 9.

## II. FACTUAL BACKGROUND

Petitioner lawfully entered the United States as a visitor in 2017 when he was 14-years old. Pet. at 1; *see also* Dkt. No. 8-1 ("Form I-213"). He applied for asylum as a dependent on his father's application. Pet. at 1, 3. Both father and son's asylum applications remain pending. *Id.* In August 2022, Petitioner applied for temporary protected status ("TPS") which was approved. Form I-213 at 3. His TPS status subsequently was terminated on November 20, 2025. *Id.* In the meantime, Petitioner has been issued employment authorization documents valid through 2030. *Id.* at 3.

On October 2, 2026, immigration authorities arrested Petitioner as he was boarding a domestic flight at Los Angeles International Airport. *Id.* at 1. On the same date immigration authorities issued a warrant for his arrest, a notice of custody

determination, and a record of deportable/inadmissible alien (Form I-213). *See* Dkt. Nos. 8-1, 8-2, 8-3.

## III. PARTIES' ARGUMENTS

The Petition raises two claims – a due process violation and a failure to make an initial custody determination. *See* Pet. at 4-6. Respondents contend that, as a visa overstay who has not been detained previously, Petitioner properly is detained. Dkt. No. 8 at 2. However, Respondents acknowledge that Petitioner appears entitled to an initial bond hearing. *Id.*

## IV. DISCUSSION

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

Addressing Petitioner's due process violation argument, the Court applies the familiar two-step framework for analyzing such claims: first, it determines whether petitioner has a protected liberty interest; and second, it examines what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Matthews*, 424 U.S. at 335.

While Petitioner overstayed his visa and his TPS expired in November 2025, Petitioner continued to pursue immigration proceedings – he received employment authorization documents and his asylum application remains pending. Like numerous other courts throughout the Ninth Circuit addressing similar facts, the Court finds that the government acquiesced to Petitioner's continued presence in this country, thereby vesting in him a liberty interest in his remaining out of custody. *See, e.g.*, *Zhao v. Janecha et al.*, 2026 WL 2666865, at *2 (C.D. Cal. Sept. 9, 2026); *Avalo Jimenez v. Chestnut*, 2026 WL 2323047, at *3 (E.D. Cal. Aug. 11, 2026).

Finding that Petitioner has a protected liberty interest, the Court applies the *Mathews* factors to determine what process he was due. First, Petitioner has a substantial private interest in his own liberty that is adversely affected by his current detention. Second, the risk of erroneous deprivation is high given that Petitioner has not received any opportunity to be heard as to the justification of his detention, either pre- or post-deprivation of liberty. Because civil immigration detention is "nonpunitive in purpose and effect," justification for the current detention must outweigh Petitioner's protected liberty interest for detention to pass muster under due process. *See Yovani v. Warden of the Central Valley Annex Detention Facility*, 2026 WL 2168402, at *4 (E.D. Cal. July 27, 2026). Third and last, although the government has an interest in enforcing immigration laws and in public safety, its interest in detaining Petitioner without procedural safeguards is "low." *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). As numerous courts have observed, detention hearings in immigration courts are routine and impose "minimal" effort and cost. *Doe*, 787 F. Supp. 3d at 1094. In sum, the Court concludes that the *Mathews* factors weigh in favor of the conclusion that Petitioner's arrest and detention violated his due process rights.

The Court concludes the proper remedy is to require Petitioner's release on reasonable conditions and to restrain Respondents from re-detaining Petitioner in a manner that violates his due process rights. *See Zhao,* 2026 WL 2666865, at *3. Regarding Respondents' exhaustion argument, the Court finds that exhaustion,

which is prudential, not jurisdictional, *see Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018), should be excused as the Petition raises a constitutional due process challenge, which an immigration judge lacks jurisdiction to adjudicate. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (noting exception to exhaustion requirement for constitutional challenges to the Immigration and Nationalization Act and immigration procedures which the Board of Immigration Appeals does not have jurisdiction to determine) (citations omitted).

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for a Writ of Habeas Corpus as to Petitioner's due process violation claim and finds as moot the Petition's remaining claim.

The Court ORDERS as follows:

1. Respondents are ordered to release Petitioner (A#216-459-893) from custody immediately, subject to reasonable conditions.
2. Respondents are enjoined from any further detention of Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.
3. Respondents shall file a notice of compliance within two court days.
4. The Clerk of the Court shall enter judgment in favor of Petitioner and close the case.

**IT IS SO ORDERED.**